# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D'Angelo LauRance Brown,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-01376-PHX-ROS<br><br>**ORDER** |

    On November 20, 2023, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending the Court deny D'Angelo LauRance Brown's petition for writ of habeas corpus because it was not filed within the statute of limitations. (Doc. 12). Petitioner filed limited objections. (Doc. 13). Reviewing de novo the portions of the R&R Petitioner objected to, the R&R will be adopted.

    The R&R sets forth the lengthy procedural history leading up to Petitioner filing his petition in federal court. In brief, Petitioner pleaded guilty in state court to charges of sex trafficking, pandering, child prostitution, and misconduct involving weapons. On June 14, 2013, Petitioner was sentenced to 12.5 years imprisonment. (Doc. 9-2 at 60-61). In September 2013, Petitioner commenced his first post-conviction relief proceeding. After significant delays based on Petitioner not receiving his file and transcripts, the state trial court denied relief and dismissed that proceeding in August 2016.[1] In February 2017, Petitioner a motion for reconsideration. That motion was untimely under the state court

---

[1] It appears the state trial court erroneously believed the first petition was, in fact, a "successive" petition. That error does not impact resolution of the federal petition.

1 rules but, for unknown reasons, the state court never ruled on the motion.

2 From 2017 to 2020, Petitioner filed additional motions and petitions seeking post-conviction relief in state court.  None of those filings resulted in relief.  On July 14, 2023, Petitioner filed his federal petition for writ of habeas corpus.  The state answered and, on November 20, 2023, the Magistrate Judge issued an R&R recommending the petition be dismissed as barred by the statute of limitations.  (Doc. 12).  Petitioner filed objections to the R&R that focus on his "actual innocence."

According to Petitioner's objections, his federal petition qualifies as timely because he is actually innocent of the underlying crimes involving children.  *See McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013) (recognizing "actual innocence" as one way of avoiding statute of limitations bar).  Petitioner appears to argue he is innocent of those crimes because during his criminal proceedings, "the court stated there is . . . a knowledge based defense just not for [Petitioner]." (Doc. 13 at 3).  Petitioner admits the prosecution was not required to prove he knew the victim was a minor.  *State v. Hood*, 484 P.3d 636, 639 (Ariz. Ct. App. 2021).  But Petitioner argues he should have been told he could assert a "mistake of age defense."  Petitioner believes that had he been informed of that defense, and had he pursued it by electing to go to trial, he would not have been convicted.  (Doc. 13 at 2).

Petitioner does not cite any published Arizona authority recognizing a "mistake of age defense" for the charges he faced.  There is, however, an unpublished opinion from the Arizona Court of Appeals rejecting such a defense in a prosecution involving a different crime committed against a minor.  *State v. Valdez*, 2015 WL 428358, at *2 (Ariz. Ct. App. 2015).  Thus, it appears there was no recognized "mistake of age defense" at the time Petitioner pleaded guilty.

It is very rare for a prisoner to make a sufficient showing of "actual innocence" to avoid application of the statute of limitations.  *McQuiggin*, 569 U.S. at 386.  Here, there is no Arizona authority recognizing the affirmative defense Petitioner now claims he should have been informed of before he pleaded guilty to the crimes.  Beyond the defense likely not being available, Petitioner has not established any reason to believe the outcome would

have been different if he had tried to invoke that defense. The "actual innocence" exception does not apply nor is there any other basis on which to deem the petition timely filed. The R&R will be adopted in full.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED IN FULL** with the additional analysis set forth above. The petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 7th day of March, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge